IN THE UNTIED STATES DISTRICT COURT

EASTERN DISTICT OF TENNESSEE

AT CHATTANOOGA

KENNETH W. DICKSON, JR. and &ast;
TAMMIE N. DICKSON, &ast;
&ast;
  Plaintiffs &ast;
&ast; NO. _____
Vs. &ast;
&ast;
STATE FARM FIRE AND CASUALTY &ast;
COMPANY, &ast; JURY DEMAND
&ast;
  Defendant &ast;

## COMPLAINT

Plaintiffs would show unto the Court as follows:

**A. JURISDICTIONAL STATEMENT**

 1. This is a civil action arising out of property damage Plaintiffs incurred as a result of a tornado in Chattanooga, Hamilton County, Tennessee, and a contract between Plaintiff and Defendant. Plaintiffs are citizens and residents of the State of Tennessee. The Defendant is an insurance corporation existing under the laws of Illinois. Its principal place of business is in the State of Illinois. The amount in controversy, exclusive of interest and costs, exceeds $75,000. The Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §1332.

**B. THE PARTIES**

 2. Plaintiffs are the owners of property located at 8017 Shallowford Road, Chattanooga, Hamilton County, Tennessee. This property is the subject of this action.

 3. Defendant State Farm Insurance Company is a company insuring homes, automobiles and other items in Tennessee. Defendant conducts business in the State of Tennessee.

 4. The actions complained of herein took place in Hamilton County, Tennessee.

1

5. This action was previously filed in this Court under #1-22-CV-00123-JRG-SKL. The case was dismissed without prejudice, and this Complaint is timely filed.

## C. FACTUAL BASIS OF THE ACTION

6. Plaintiffs own property at 8017 Shallowford Road, Chattanooga, Hamilton County, Tennessee. The property consisted of a home, barn, fences, and personal items.

7. Around midnight on April 12, 2020, or the early morning of April 13, 2020, Plaintiffs' property was hit by a tornado in the East Brainerd section of Chattanooga, Tennessee.

8. Plaintiffs' property was insured by Defendant pursuant to contract, and the premiums were paid up to date.

9. The morning of April 13, 2020, Plaintiff Tammie Dickson notified Defendant's Murfreesboro office of the tornado damage and filed the claim for repairs and replacement of property.

10. Plaintiffs home suffered significant damage to the structure and the property inside of the home.

11. In addition to the damage to the home, the large barn on the property was blown completely off of the foundation and was laying in pieces on the ground or in trees over several acres. There was absolutely nothing left of the barn or the contents of the barn.

12. Over the following ten months, several of Defendant's inspectors came many times to review and assess the damage to the property, buildings, and contents.

13. Plaintiff's contacted a contractor to begin the work. After several meetings and contracts to review, Plaintiffs signed a contract to begin work on the house. However, the contractor then notified Plaintiffs that he could not begin the work for at least six months because

2

Defendant had hired him to perform work for them on a different property. At that point, Plaintiffs decided to sever their relationship with the contractor.

14. Plaintiffs hired another contractor and the work to repair their home began in Fall 2021.

15. Wiring in the home was damaged in the storm. The Hamilton County Electrical inspector issued a letter that the entire house had to be rewired.

16. Defendant's adjuster repeatedly refused to approve the electrical work. After more than three months of delay, Plaintiffs contacted the adjuster's superior to discuss the delay in approval of the electrical work. The electrical work was approved.

17. Over the next few weeks, more items needing repair were discovered and again delays were experienced.

18. In addition to the home repairs, the barn, fences, and personal property damage had to be addressed.

19. For the first time, Plaintiffs learned that their barn was grossly underinsured. Plaintiffs had relied on Defendant's agent to sufficiently address their insurance needs in the event of a disaster. Plaintiffs learned that their agent had not insured the barn for nearly enough money to rebuild.

20. Defendants refused to rebuild the barn. Instead, they sent payment to Plaintiffs for the underinsured amount.

21. Plaintiffs also asked that the fencing around their house, which was blown away or destroyed by falling trees during the tornado, be replaced. However, once again Defendant refused.

22.     Not to be deterred, Plaintiffs asked Defendant to have the debris of the barn removed. Once again, Defendant refused to pay for this damage.

23.     As a result, Plaintiffs have been unable to have the debris removed and must look at the devastation daily.

24.     Plaintiffs' home has been repaired, but Plaintiffs have paid for the majority of the repairs out of their pocket. Defendant has refused to reimburse Plaintiffs for such repairs.

25.     Finally, Plaintiffs made a claim for their personal property lost at the house and the barn. There was adequate coverage to insure this part of Plaintiffs' loss. However, Defendant has refused to pay the majority of the loss.

26.     Defendant's treatment of Plaintiffs, their refusal to approve work on the house causing long delays, their refusal to cover the losses for which Plaintiffs had paid their insurance premiums, and the callous disregard for replacement or payment for Plaintiffs' real and personal property has been surprising and devastating.

27.     Plaintiffs have had to incur much of the cost of repairs and clean up.

28.     Plaintiffs have notified Defendant that the repairs have been completed and Defendant could inspect the work. Yet, Defendant has not inspected the work and is still withholding their percentage of moneys for final inspection.

## D.     PLAINTIFFS' CLAIMS

29.     Defendant breached its contract with Plaintiffs by refusing to properly repair or replace Plaintiffs' home, barn, fencing and personal property damaged during the April 2020 tornado.

30.     Defendant has acted in callous disregard for Plaintiffs' losses in violation of T.C.A. §56-7-105.

4

31.     Defendant is responsible for the acts of its agents and adjusters.

## E.     DAMAGES

32.     As a direct and proximate result of the negligence of Defendant as described above, Plaintiffs have suffered loss in the form of loss or damage to their home, barn, fences, and personal property.

**WHEREFORE, Plaintiffs pray:**

a.     That proper process be issued and served upon Defendant and that Defendant be required to answer within the time prescribed by law;

b.     That Plaintiffs be awarded damages for repair to their house, barn, fencing, and loss or damage to personal property, incidental expenses, the statutory bad faith penalty, and other compensatory damages in the amount of $250,000, plus court costs, prejudgment interest, and expenses;

c.     That Plaintiff be awarded such other and further relief as this Court deems proper.

BURNETTE, DOBSON & PINCHAK

BY:_____ s/ Frank P. Pinchak_____

Frank P. Pinchak, #02094
Harry F. Burnette, #004803
Attorneys for Plaintiffs
711 Cherry Street
Chattanooga, TN  37402
Phone: (423) 266-2121
Fax:  (423) 266-3324